UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ANGELA MARIE TAYLOR, : CASE NO. 1:16 CV 1773
:
       Petitioner, :
:
vs. : OPINION & ORDER
:
CUYAHOGA COUNTY SHERIFF, *et al.*, :
:
       Respondents. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Petitioner Angela Taylor, an Ohio prisoner proceeding *pro se*, has filed a "Motion for a Writ of Habeas Corpus" in this case. (Doc. No. 1.) She contends she was sentenced in a criminal case in Cuyahoga County to three years imprisonment but has not been given proper jail time credit. She contends she is entitled to 576 days of jail time credit.[1]

    Federal habeas corpus review under 28 U.S.C. § 2254 is available to a person in custody pursuant to a State court judgment if he is being held in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a). An application for a writ of habeas corpus pursuant to § 2254 shall not be granted, however, unless a petitioner has exhausted his State court remedies; there is an absence of an available State corrective process; or circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). To properly exhaust available remedies, each claim must have been "fairly presented" to the State

---

[1] Petitioner does not indicate the specific criminal case or sentence involved. The public docket of the Cuyahoga County Court of Common Pleas indicates she has been a defendant in numerous criminal cases.

courts. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the State courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. This requires a petitioner to provide the State courts with "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sawders*, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner contends she "applied for" jail time credit in September 2015, but the Court of Common Pleas has failed to respond to her request. This statement, however, is insufficient to demonstrate she has satisfactorily exhausted a claim that she has not received all the jail time credit to which she is entitled in the Ohio courts. In *Redding v. Bradshaw*, No. 1: 12 CV 2765, 2012 WL 5996435 (N.D. Ohio Nov. 12, 2012), the court dismissed a habeas petition challenging jail time credits for failure to exhaust and indicated that a mandamus action is a proper state remedy for a petitioner who claims his sentence should be reduced for time served.

Accordingly, based on the foregoing, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but her habeas action is dismissed without prejudice because she has not demonstrated she has exhausted her State court remedies. Petitioner's motion for appointment of counsel (Doc. No. 3) is denied. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability.

    IT IS SO ORDERED.


Dated: September 2, 2016            <u>*s/    James S. Gwin*</u>
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE